## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Ceballos Padilla, | No. CV-18-00121-PHX-SRB (BSB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Enrique M Lucero, et al., | |
| Respondents. | |

On January 12, 2018, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 asserting six grounds for relief. (Doc. 1.) On January 24, 2018, the Court dismissed Grounds One and Two and ordered Respondent Enrique M. Lucero to file an answer to Grounds Three through Six. (Doc. 6.) Respondent has filed an answer to which Petitioner has replied. (Docs. 14, 15.) Petitioner has also filed a motion for immediate release (Doc. 13) and a motion to stay his removal. (Doc. 19.) As set forth below, the Court recommends that the motions be denied.

## I.     Motion for Immediate Release (Doc. 13)

In his motion for immediate release, Petitioner asks the Court to grant his petition for writ of habeas corpus based on Respondent's failure to file a timely response. (Doc. 13.) On January 24, 2018, the Court ordered Respondent Enrique M. Lucero to file an answer to Grounds Three through Six within twenty days of the date of service. (Doc. 6 at 4.) The docket reflects that service was completed on February 1, 2018. (*See* Docs. 8, 11, 12.) Respondent file a timely answer on February 20, 2018. (Doc. 14.)

Therefore, the Court recommends that Petitioner's motion for immediate release be denied.

**II.     Motion to Stay Removal**

Petitioner has filed a motion for an order staying his removal pending a ruling on his petition for writ of habeas corpus.  (Doc. 19.)  Petitioner cites *Nken v. Holder*, 556 U.S. 418 (2009), and *DeLeon v. INS*, 115 F.3d 643 (9th Cir. 1997), to support his motion to stay.  However, neither case supports Petitioner's request.

In *Nken*, the Supreme Court held that traditional stay factors govern a court of appeals' authority to stay an alien's removal pending judicial review.  *Id*. at 434-36.  That case does not provide for a stay of removal by a district court that is considering a § 2241 petition.   In *DeLeon*, the Ninth Circuit temporarily stayed a petitioner's deportation pending the court of appeals' decision on her motion for a stay of deportation.  *Id*.  Again, that case pertained to the court of appeals' authority to stay deportation, but did not state that a district court presiding over a § 2241 proceeding has the authority to issue such a stay.  Because Petitioner has not cited any authority to support his request that the Court stay his removal pending its decision in the § 2241 case, and the Court is aware of no such authority, the Court recommends that the motion to stay be denied.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's motion for immediate release (Doc. 13) and motion for stay of removal (Doc. 19) be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.  The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72.  The parties have fourteen days within which to file a response to the objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's

acceptance of the Report and Recommendation without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 11th day of April, 2018.

Bridget S. Bade
United States Magistrate Judge